VITA PULEO, Respondent, *v.* FRANCIS D. BAILEY and Others, Appellants.

CALOGERO PULEO, Respondent, *v.* FRANCIS D. BAILEY and Others, Appellants.

First Department, March 7, 1919.

**Negligence — liability of owner of building for injuries to pedestrians struck by fall of fire escape ladder from balcony to sidewalk — res ipsa loquitur — proximate cause — violation of tenement house department rules by tying ladder to balcony — evidence — when dismissal of complaint not justified.**

In actions for personal injuries caused by the fall of a fire escape ladder from the second balcony on defendants' building to the sidewalk on which the plaintiffs were passing, *held*, that the theory of *res ipsa loquitur* was properly applied.

Where in such actions the defendants produced a tenement house inspector who testified that on the day of the accident he inspected the premises and found a ladder maintained by the defendants tied fast to the outside of the third story balcony so that it could not be used or lowered without cutting the ropes; that this being a direct violation of the rules of the tenement house department he cut the ropes but did not hook the ladder over the rail at the top of the balcony, claiming that the edge was too wide and so hooked it over the rail at the bottom of the balcony, bringing the ladder close to a movable awning over the store, so that if said awning were raised it would displace the ladder, and warned the store-keeper of the situation, it was reversible error for the court to refuse to charge that if the direct and immediate cause of the accident was the act of either the inspector or the tenant of the store below the fire escape, no cause of action is made out against the defendants.

The proximate cause of the accident according to the testimony of the inspector was his act in cutting the ladder and hanging it in a position where, if the awning were hoisted, the ladder was liable to be precipitated into the street.

Since the testimony of the inspector was contradicted by the janitress of the building who testified that after cutting the fastenings said inspector hung the ladder on the top rail of the third balcony and by evidence tending to show that the ladder had hung there unlashed for a year before the accident, a dismissal of the complaint would not have been justified.

Appeal in each case by Francis D. Bailey and others from judgments of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of June, 1918, upon the verdicts of a jury, and also from orders entered in said clerk's office on the 24th day of June, 1918, denying defendants' motions for a new trial in each case.

The verdict in the first case was for $250 and in the second case for $1,000.

*J. Noble Hayes,* for the appellants.

*Isidore Frey* of counsel [*Louis Steckler,* attorney], for the respondents.

Shearn, J.:

Appeal by defendants from two judgments entered on verdicts for plaintiffs in actions for personal injuries caused by the fall of a fire escape ladder from the second balcony on defendants' building to the sidewalk on which the plaintiffs were passing.

The actions were properly tried on the theory of *res ipsa loquitur.* The defendants explained the accident as follows: Fire escapes are not required in their permanent form to lead to the ground. It is permissible to hang on the fire escape a ladder which may be readily attached to the second-story landing which when in place will lead to the ground. There was such a thirteen-foot ladder in this case. It was supplied with one and one-half inch hooks on one end, so that it might be hooked over the iron railing of the balcony and reach the ground. When not in use the ladder was fastened to the third-story balcony. Defendants produced a tenement house inspector, Hallam, who testified that on the day of the

accident he inspected the premises and found that this ladder was tied fast to the outside of the third-story balcony, so that it could not be used or lowered without cutting the ropes; that this was a direct violation of the rule of the tenement house department and that he proceeded to remove the violation by cutting the string or rope. He testified that he did not hook the ladder over the rail at the top of the balcony, claiming that the edge of the rail was too wide, but hooked it over the narrower round or rail at the bottom of the third balcony. He observed that this brought the bottom of the ladder close to a movable awning over the store front below, and that there was danger that, if the awning were raised, it would displace the ladder, and he warned the storekeeper of the situation, then went into an adjoining tenement to make an inspection and, on coming out a little later, found that the ladder had fallen and this accident had happened.

This testimony, if believed, would relieve the defendants and call for evidence on the part of the plaintiffs, as the defendants would not be liable for the act of the inspector over whom they had no control, if such act was the proximate cause of the injuries sustained. Yet the court refused to charge as requested: " If the direct and immediate cause of the accident was the act of either the inspector, Mr. Hallam, or the tenant of the store below the fire escape, no cause of action is made out against the defendants and the verdict should be in their favor." Plaintiffs seek to avoid this error by contending that, if the act of the inspector was due to his cutting the ladder fastenings, and thus removing a violation of the rules of the tenement house department, the defendants' violation of the rules would constitute the proximate cause of the accident. We cannot agree with this contention. The violation of the rules consisted in *tying up* the ladder in such manner that it could not be lowered in case of emergency unless the tenants were equipped with means for cutting it loose. The injuries were caused by the ladder falling into the street. Certainly it cannot be claimed that the ladder fell because it was tied up. The proximate cause, according to the testimony of the inspector, was his act in untying it and hanging it in a position where, if the awning were hoisted, the ladder was likely to be pre-

cipitated into the street. This state of the record requires a reversal of the judgments.

The defendants, however, insist that the complaints should be dismissed, claiming that their explanation of the cause of the accident was uncontradicted, and, there being no evidence brought forth by the plaintiffs to meet it, no liability was established. But the testimony of the inspector, Hallam, was not uncontradicted. The defendants were not content with his testimony, but put the janitress of the building on the stand, and the janitress testified on cross-examination that the inspector, after cutting the fastenings, hung the ladder on the *top* rail of the third-story balcony. Further, they introduced evidence tending to show that the ladder had hung on the top rail, unlashed, for a year before the accident, which indicated that the ladder hooks were of sufficient size and that it was a safe and proper place and manner in which to hang the ladder. If the ladder hung from the top rail, it could not be interfered with by the awning. Thus the inspector was contradicted not only as to where he hung the ladder, but in respect to his testimony that the top rail was so broad and the hooks of the ladder so small that he could not hang the ladder over the top rail. Accordingly, if the jury believed the testimony of the janitress, there was no explanation for the fall of the ladder from a place where it had safely hung for a year. With this conflicting testimony, one view of which exculpated the defendants and another view of which left the accident unexplained, a dismissal of the complaint would not be justified.

For the error in refusing to charge as requested, the judgments and orders must be reversed and new trials ordered, with costs to appellants to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

In each case judgment and order reversed and new trial ordered, with costs to appellants to abide event.